IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  07-cv-00839-LTB-BNB

INFANT SWIMMING RESEARCH, INC.,

        Plaintiff,

v.

FAEGRE & BENSON, LLP,
MARK FISCHER,
JUDY HEUMANN, and
NORMAN HEUMANN,

        Defendants.

_____

ORDER
_____

       This matter is before me on Plaintiff's Motion to Amend the Complaint filed by Infant Swimming Research, Inc. [**Doc #17**], and Defendant Faegre & Benson's related Motion For Sanctions Pursuant to Federal Rule of Civil Procedure 11(c) [**Doc #58**].   Oral arguments will not materially aid in the resolution of these motions.  After consideration of the parties' briefs and related attachments, I GRANT the Motion to Amend the Complaint, and DENY the related Motion for Sanctions.

### I.  MOTION TO AMEND

       Plaintiff Infant Swimming Research ("ISR") seeks to amend their complaint to add and expand on the factual allegations contained therein.  Defendant Faegre & Benson opposes Plaintiff's request to amend on the basis that there is no evidence to support the new factual

allegations contained in ISR's proposed amended compliant, and that such amendment would be futile. Defendant Mark Fischer has filed a response indicating that he does not object to the motion to amend. Defendants Judy and Norman Heumann have not responded.

Federal Rules of Civil Procedure Rule 15(a) provides that after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." However, "leave shall be freely given when justice so requires." *Id.* The United States Supreme Court has warned that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

ISR avers that the purpose of this request is to provide additional factual allegations – some of which have been newly discovered – to its complaint in order to respond to Faegre & Benson's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). As noted by ISR, normally an amended complaint could be filed without leave in response to a motion to dismiss, but in this case ISR must seek leave to amend due to the filing of an answer by Defendants Judy and Norman Heumann. This is not a case in which there is an allegation of "undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party ...". *See Castleglen v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir.1993). As such, I grant ISR's motion seeking leave to amend its complaint.

### B. MOTION FOR SANCTIONS

In its motion seeking sanctions against ISR, Faegre & Benson asserts that ISR's proposed amended complaint violates Fed. R. Civ. P. 11(c) in that the factual allegations therein have no evidentiary support; specifically, that "[w]ithout exception, [ISR's] new allegation attempting to

wrap Faegre [& Benson] into Fischer's alleged fabrication of the order are fiction, and [ISR] knows it."

Fed. R. Civ. P. 11(b) provides, in pertinent part, that:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

*See also Laurino v. Tate,* 220 F.3d 1213, 1218 (10th Cir. 2000). If I determine that Fed. R. Civ. P. 11(b) has been violated, I may "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Civ. P. 11(c).

In response, ISR asserts that the additional facts alleged are "strongly based upon available facts and documents and established precedents." ISR notes that many of the additional facts and documents are in Fischer and Faegre & Benson's exclusive possession. ISR characterizes Faegre & Benson's argument as merely a dispute with its factual contentions which, it maintains, is not a proper basis for sanctions under Fed. R. Civ. P. 11(c). *See e.g. Cook v. Rockwell Intern. Corp.,* 147 F.R.D. 237, 248 (D. Colo. 1993)("Defendants' disputes with Plaintiffs' factual contentions can be resolved at trial; they are not the proper basis for a dismissal under Rule 11").

While it appears that the factual allegations alleged in the amended complaint are, at best, extremely tenuous and speculative, I cannot conclude at this early stage in the litigation that they are wholly lacking in evidentiary support to the extent that sanctions are warranted. Therefore, I

decline to exercise my discretion to impose Fed. R. Civ. P. 11(c) sanctions against ISR. *See Laurino v. Tate, supra,* 220 F.3d at 1218 (applying an abuse of discretion standard to a Fed. R. Civ. P. 11(c) determination).

    Accordingly, I HEREBY ORDER as follows:

1)  I GRANT Plaintiff's Motion to Amend the Complaint [**Doc # 17**]; and

2) I DENY Defendant Faegre & Benson's Motion to Sanctions Pursuant to Federal Rule of Civil Procedure 11(c) [**Doc #58**], and FURTHER DENY Plaintiff's cross- request for sanctions/attorney fees against Defendant Faegre & Benson, pursuant to Fed. R. Civ. P. 11(c)(1)(A), as set forth in Plaintiff's Response to Defendant Faegre & Benson LLP's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure and Plaintiff's Request for Sanctions [**Doc # 68**].

Dated: November __5__, 2007,  in Denver, Colorado.

                                                                      BY THE COURT:

                                                                        s/Lewis T. Babcock
                                                                      LEWIS T. BABCOCK, JUDGE