IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00839-LTB-BNB

INFANT SWIMMING RESEARCH, INC.,

        Plaintiff,

v.

MARK FISCHER,
JUDY HEUMANN, and
NORMAN HEUMANN,

        Defendants.

_____

ORDER
_____

This matter is before me on a Motion to Dismiss [**Doc #51**] filed by Defendant Mark Fischer against Plaintiff, Infant Swimming Research, Inc. (hereafter "ISR"). I also address Defendant Fischer's Motion for Summary Judgement [**Doc #80**] Oral arguments will not materially aid in the resolution of these motions. After consideration of the parties' briefs and related attachments, as well as subsequent pleadings filed in this case, I GRANT the motion to dismiss and, as such, dismiss this case for lack of jurisdiction as to Defendant Fischer pursuant to Fed. R. Civ. P. 12(b)(1). As a result, I DENY AS MOOT Fischer's motion for summary judgment.

**I. FACTS**

In its amended complaint, ISR alleges that on February 2, 2004, a jury verdict was rendered in favor of ISR and against Defendant Judy Heumann in the matter of Harvey Barnett, Inc., et. al. v. Ann Shidler, Judy Heumann, et. al., 00-cv-00731 (the "prior action"). On April 28,

2004, the judgment in that case was recorded with the Boulder County Clerk and Recorder which acted as a lien in favor of ISR and against property owned by Defendant Heumann.

ISR alleges that approximately a year later, on April 26, 2005, "Defendants fabricated a Certificate Of Stay Of Judgment/Release Of Judgment Lien" which purports to be an order issued in the prior action by Judge Phillip S. Figa, a United States District Judge. It is undisputed that this order was not issued by Judge Figa but was, in fact, fabricated (the "fabricated order"). The fabricated order was filed with the Boulder County Clerk and Recorder which, in turn, fraudulently released ISR's lien on Defendant Heumann's real property.

ISR alleges that, as a result, Heumann was able to obtain funds in the form of a loan on her real property and, further, that "[s]ome of the funds obtained by use of the Fabricated Order were paid to Fischer" and his law firm, Faegre & Benson, where Fischer was a partner. Specifically, ISR alleges that Heumann had been using her real estate as collateral to secure monies to pay Faegre & Benson, but could no longer do so when the judgment in the prior action was recorded. Fischer then created the fabricated order with the intent to further Faegre & Benson's business, which, in turn, benefitted both him and Heumann. From the time of the fabricated order through April 2007, Fischer retained his job and partnership, his bill was paid, and Heumann was able to continue building on her real property and avoid foreclosure. Furthermore, Fischer was able to bill more fees pursuing an unsuccessful appeal for Heumann in the prior action. As such, ISR maintains that Heumann was able to pursue the prior action, "at great expense and damage to ISR," in that the wrongfully-obtained loan funds provided the financial resources to continue the litigation and pay Fischer.

ISR subsequently discovered the existence of the fabricated order in March 2007. Fischer then admitted – in a letter to the Court dated April 9, 2007 – that he had forged the fabricated order. Subsequent to filing this lawsuit, ISR asserts that it has learned through discovery that at approximately the same time, Fischer also forged an "Order Setting Supersedeas Bond" and that Defendant Heumann wrote a check to procure the bond, but that a bond was never obtained or deposited with the court.

After discovering the fabricated order, ISR filed this lawsuit. ISR seeks relief and damages against all Defendants for: Violation of Colorado Revised Statute Section 38-35-109 (recording fraudulent documents)(First Cause of Action); Fraudulent Transfers (Second Cause of Action); Fraud (Fourth Cause of Action); Negligent Misrepresentation (Fifth Cause of Action); Conspiracy (Seventh Cause of Action); Contempt (Eighth Cause of Action); Declaratory Relief (Ninth Cause of Action); and Injunctive Relief (Tenth Cause of Action). ISR also asserts a cause of action against Defendant Judy Heumann only for vicarious liability (Eleventh Cause of Action). Finally, I note that ISR asserted claims against Faegre & Benson, but those claims have been dismissed for failure to state a claim or on summary judgment [Doc #77].

## II. INJURY-IN-FACT

In this motion, Defendant Fischer argues that this case must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Specifically, Fischer maintains that there is no federal jurisdiction because ISR has suffered no "injury-in-fact."

Article III limits the jurisdiction of federal courts to cases and controversies. A plaintiff must satisfy three criteria in order for there to be a "case or controversy" that may be resolved by the federal courts. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119

3

L.Ed.2d 351 (1992). First, the plaintiff must have suffered an "injury in fact"– an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Id.* Second, there must be a causal connection between that injury and the challenged action of the defendant. *Id.* Finally, it must be likely, not merely speculative, that a favorable judgment will redress the plaintiff's injury. *Id.* at 561.

Fischer asserts that because Heumann has paid the amount of the judgment she owes to ISR, the matter is now moot as ISR now has no injury or damages. Fischer also maintains that ISR lacks standing for the same reasons. In response, ISR asserts that although the judgment has been paid, is it still entitled to other damages and, as such, it has been injured. Specifically, ISR alleges that it is entitled to a fine for civil contempt; statutory damages pursuant to C.R.S. § 38-35-109 for the filing of a fraudulent document; attorneys fees incurred in the prior action in the amount of $97,120; disgorgement of the benefits the defendants have received from the forged order; punitive damages; and attorneys fees incurred in this action. However, because I find that ISR cannot prove any cognizable injury or damages related to Fischer's wrongdoing in the prior action, I agree that ISR cannot met its burden to show an injury-in-fact in this case and, as a result, I lack subject matter jurisdiction over this matter.

**A. Civil Contempt**

Civil contempt "is characterized by the court's desire to . . . to compensate a litigant for injuries sustained as a result of the disobedience." *Smith v. Union Pacific R. Co.,* 878 F.Supp. 171, 173 (D. Colo.1995)(citations omitted). The normal beneficiaries of a civil contempt fine are the individual litigants. *Id.* However, "civil contempt proceedings are 'considered to be a part of the action from which they stem.'" *F.T.C. v. Kuykendall,* 371 F.3d 745, 753 (10th Cir. 2004)

(*quoting D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir.1993); 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1017, at 71 (1987)). As a result, "there is no such thing as an independent cause of action for civil contempt." *D. Patrick v. Ford Motor Co., supra,* 8 F.3d at 459 (*quoting Blalock v. United States,* 844 F.2d 1546, 1550 (11th Cir.1988)); *but see Jones v. Clinton*, 57 F.Supp.2d 719, 723 FN4 (E.D. Ark. 1999)(ruling that "a court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated" as related to the same case).

I note that Fischer's actions related to the fabricated orders clearly breached his duty as an attorney and an officer of the court to his adversary not to engage in fraudulent or malicious conduct or to commit intentional torts. *See Rohda v. Franklin Life Ins. Co.,* 689 F.Supp.1034, 1043-1044 (D. Colo. 1988); *Allied Financial Services, Inc. v. Easley*, 676 F.2d 422 (10th Cir.1982)). However, to the extent that ISR might be entitled to compensatory damages in the form of a fine for contempt of court against Fischer, such damages are not cognizable as a claim or independent cause of action in this case. *D. Patrick v. Ford Motor Co., supra*.

**B. Damages Per C.R.S. § 38-35-109**

ISR also contends that it is entitled to damages for its fraud claim pursuant to Colorado Revised Statute Section 38-35-109(3), which provides that any person who knowingly files a forged document purporting to affect the title to real property "shall be liable to the owner of such real property for the sum of not less than one thousand dollars or for actual damages caused thereby, whichever is greater, together with reasonable attorney fees." However, the statute specifically limits damages under this statute to "the *owner* of such real property" and, as such,

does not provide ISR – who is not the owner of the underlying real property – with a remedy or with related damages.

**C. Attorney Fees Incurred in the Prior Action**

ISR also asserts that it would be entitled to the unawarded attorney fees it incurred in the prior action – claimed to be approximately $97,120 – in that such fees constitute damages related to the forgery of the fabricated orders. ISR's argument is based on its assertion that it was "cheated" or harmed by Fischer's actions in that the filing of the fabricated order allowed the Defendants the ability to pursue the litigation in the prior action. ISR cites to *Double Oak Construction, L.L.C. v. Cornerstone Development International, L.L.C*., 97 P.3d 140, 150 (Colo. App. 2003), where a plaintiff was awarded attorney fees as actual damages under the theory that, but for defendants' obdurate conduct in violation of the Colorado Uniform Fraudulent Transfer Act, Colo. Rev. Stat. §§ 38-8-101, *et. seq.*, and their related conspiracy, the plaintiff would not have incurred attorney fees in pursuing its judgment.

However, as I have previously ruled in Faegre & Benson's summary judgment motion, the attorney fees sought in this case by ISR do not relate to any attempt to execute on the underlying judgment; it is undisputed that ISR never attempted to execute, and it was subsequently paid in full. Rather, the attorney fees sought are the excess fees incurred in defending a lawsuit that ISR speculates would not have been pursued but for the improper release of the judgment lien. Even assuming that the case could not have been advanced without the release of the lien, it is uncontested that ISR ultimately prevailed in that case, including an award of related attorney fees, that was subsequently paid. While such "damages" may arguably be awarded in a civil contempt

proceeding in the prior action, I agree with Fischer that ISR cannot establish any damages for unpaid attorney fees in *this* case incurred by it in the prior action.

**D. Disgorgement/Lost Business Opportunity**

To the extent that ISR asserts that it is entitled "disgorgement of the benefits Defendants have received from the forged orders and their conspiracy to defeat ISR's judgment lien" and "lost business opportunities that resulted from the conspiracy to release ISR's judgment lien in order for Heumann to compete with ISR," ISR provides me with no support or authority for its standing or ability to recover such damages.

**E. Punitive Damages**

I have also previously ruled that ISR would not be entitled to punitive damages. Colorado law provides that when a jury awards damages for a wrong attended by circumstances of fraud, the jury may award reasonable exemplary damages in addition to the actual damages sustained. Colo. Rev. Stat. § 13-21-102(1)(a). The statute further provides, however, that "[t]he amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party." *Id.* As such, the statute "permits an award for punitive damages only in conjunction with an underlying and independent 'civil action' in which actual damages are assessed for some legal wrong to the injured party." *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 214 (Colo. 1984); *see also Culpepper v. Pearl Street Bldg., Inc.,* 877 P.2d 877, 882 (Colo. 1994)"[e]xemplary damages are not recoverable without proof of actual damages"); *Western Cities Broadcasting, Inc. v. Schueller*, 830 P.2d 1074, 1077 (Colo. App. 1991)("[a]ctual damage is an essential element of a fraud claim"). No actual damages attend here.

**F. Injunctive/Declaratory Relief:**

To the extent that ISR asserts that it would be entitled to declaratory or injunctive relief, I find that ISR has failed to meet its jurisdictional burden to show they are "immediately in danger of sustaining some direct injury" and that "the threat of injury is real and immediate, not conjectural or hypothetical." *State of Utah v. Babbitt,* 137 F.3d 1193, 1212 (10th Cir. 1998) (*quoting City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)).

**G. Attorney Fees in this Action**

Finally, ISR's claim that it would be entitled to damages in the form of attorney fees in this case is untenable in light of my findings that ISR is unable to show an injury-in-fact under the circumstances.

### III. CONCLUSION

Defendant Fischer's abhorrent conduct notwithstanding, I conclude that ISR has not suffered an injury-in-fact, as is required for federal subject matter jurisdiction, because it cannot show an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical. *See Lujan v. Defenders of Wildlife, supra,* 504 U.S. at 560 (a particularized invasion of a legally protected interest requires "that the injury must affect the plaintiff in a personal and individual way"). ISR's remedy against Fischer should be addressed in a contempt proceeding in the prior action.

ACCORDINGLY, I GRANT the Motion to Dismiss [**Doc #51**] filed by Defendant Mark Fischer and, as a result, I dismiss this case against him for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). I addition, I DENY AS MOOT Fischer's Motion for Summary Judgment [**Doc #80**].

Dated: January __31__, 2008, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE