IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00839-LTB-BNB

INFANT SWIMMING RESEARCH, INC.,

        Plaintiff,

v.

FAEGRE & BENSON, LLP,
MARK FISCHER,
JUDY HEUMANN,
NORMAN HEUMANN, and
BOULDER ESCROW, LLC,

        Defendants.
_____

ORDER
_____

      This matter is before me on a Motion for Certification Pursuant to Fed. R. Civ. P. 54(b) [**Doc #93**] filed by Defendant Faegre & Benson, LLP. After consideration of the motion and the opposition brief filed by Plaintiff, Infant Swimming Research, Inc., I GRANT the motion and, as a result, I CERTIFY that my order dated November 6, 2007 – in which I dismiss all of Plaintiff's claims against Defendant Faegre & Benson in this matter – is a final judgment for the purposes of appeal pursuant to Fed. R. Civ. P. 54(b).

## I. BACKGROUND

      Plaintiff filed this lawsuit against Defendants after it discovered the existence of an order fabricated by Defendant Mark Fischer in a prior action involving the parties (Harvey Barnett, Inc., et. al. v. Ann Shidler, Judy Heumann, et. al., 00-cv-00731). At the time the order was fabricated, Defendant Fischer was Defendant Judy Heumann's attorney and was a partner with Defendant

Faegre & Benson. The fabricated order was entitled a "Certificate Of Stay Of Judgment/Release Of Judgment Lien" which purports to be an order issued in the prior action by Judge Phillip S. Figa, a United States District Judge. The fabricated order was filed with the Boulder County Clerk and Recorder which, in turn, fraudulently released Plaintiff's lien in the prior action against Defendant Heumann's real property located in Boulder County. After commencing this action, Plaintiff alleges that it discovered that Fischer also fabricated another related order for a supersedeas bond.

After the existence of the fabricated order was discovered, Plaintiff filed this lawsuit seeking relief against all Defendants for: Violation of Colorado Revised Statute Section 38-35-109 (recording fraudulent documents); Fraudulent Transfers; Fraud; Negligent Misrepresentation; Conspiracy; Contempt; Declaratory and Injunctive Relief. Plaintiff also asserted an individual cause of action against: Defendant Boulder Escrow for Negligence; Defendant Faegre & Benson for Negligent Supervision; and Defendant Judy Heumann for vicarious liability.

In August 24, 2007, on a stipulated motion, I dismissed the claims against Defendant Boulder Escrow with prejudice. [**Doc # 69**] On November 6, 2007, I dismissed Plaintiff's complaint against Defendant Faegre & Benson after dismissing the injunctive and declaratory relief claims pursuant to Fed. R. Civ. P. 12(b)(6), and entering summary judgment on the remaining claims. [**Doc # 77**] This is the order at issue here. Finally, on January 31, 2008, I dismissed the case against Defendant Mark Fischer for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [**Doc #104**] As a result, Plaintiff's claims against Defendants Judy and Norman Heumann are the only remaining claims at issue in this case.

## II. FED. R. CIV. P. 54(b) CERTIFICATION

After I dismissed its claims against Defendant Faegre & Benson, Plaintiff appealed my decision to the United States Court of Appeals for the Tenth Circuit. [**Doc # 82**] Faegre & Benson then filed this motion seeking a certification that my ruling in their favor constitutes a final, and thus appealable, order pursuant to Fed. R. Civ. P. 54(b). Despite filing a notice of appeal attempting to appeal the order, Plaintiff now opposes this request for certification.

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

The requirements of a Rule 54(b) certification are that I first must determine that the judgment is final. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d (1980); *see also Stockman's Water Co., LLC v. Vaca Partners, L.P.,* 425 F.3d 1263, 1265 (10th Cir. 2005). Second, I must determine that no just reason for delay of entry of the judgment exists. *Id.* In making these determinations, I must act as a "dispatcher" weighing the policy of preventing piecemeal appeals, against the inequities that could result from delaying an appeal. *Id.* Factors I should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright v. General Elec. supra,* 446 U.S at 8. My discretion to grant or deny certification "is to be exercised in the interest of sound judicial administration." *Id.*

**Finality**

First, my order dismissing all of Plaintiff's claims against Faegre & Benson pursuant to Fed. R. Civ. P. 12(b)(6) and by summary judgment is a final order in that it constitutes the ultimate disposition of the claims charged by the Plaintiff against Faegre & Benson as a defendant to this action. In that order I ruled that Plaintiff's claims for declaratory and injunctive relief were dismissed for lack of a controversy. Specifically, because all of the parties agreed that the order was fabricated and it was improperly filed, I ruled that there is no actual controversy underlying Plaintiff's declaratory and injunctive relief claims as to Faegre & Benson. Furthermore, I ruled that to the extent Plaintiff sought an order nullifying the fabricated order, such relief would be properly obtained in the prior action.

As to the other claims, I determined that while they survived dismissal – in that Plaintiff's allegations, when taken as true, consisted of enough facts to state a claim for relief that is plausible on its face – I ruled that they did not survive summary judgment. I first ruled, with regard to the claims against Faegre & Benson based on vicarious liability – recording fraudulent documents; fraudulent transfers; fraud; negligent misrepresentation; contempt; and vicarious liability – that Plaintiff failed to met its burden of showing that disputed material of fact exist as to whether Faegre & Benson actively participated in or even knew of the fabricated order forged by Defendant Fischer. I further ruled that even assuming that Plaintiff could establish partnership liability, these claims must be dismissed because it could not establish any damages.

I next ruled that Plaintiff's "evidence" and the fair inferences made therefrom, did not constitute facts sufficient to demonstrate the existence of a genuine factual issue on its claim for negligent supervision against Defendant Fischer's uncontroverted assertion that he acted alone

4

and that no one at Faegre & Benson knew about or authorized his actions. For the same reason, I also concluded that Plaintiff had failed to meet its burden to put forth evidence of a genuine issue of material fact to support a claim of conspiracy. As a result, I dismissed all of Plaintiff's claims against Faegre & Benson and dismissed them as a party.

Plaintiff asserts that my ruling did not constitute a final order in that the facts involving Faegre & Benson are "intertwined with the claims against Fischer and the Heumanns." While that may have been true as to Defendant Fischer, I subsequently have dismissed Plaintiff's claims against Fischer for lack of jurisdiction; essentially, I ruled that Plaintiff's remedy against Fischer should be addressed in a contempt proceeding in the prior action. Instead, my ruling dismissing Faegre & Benson as a party constitutes a discrete part of the case; it fully resolved all of the rights and liabilities of Faegre & Benson related to this action. As a result, I determine that my ruling at issue satisfies the finality requirement of Fed. R. Civ. P. 54(b).

**No Just Reason for Delay**

In support of its motion, Faegre & Benson asserts that the its claims are separable. Because "[t]he issue of what Faegre [& Benson] and Fischer did not did not do and whether or how this cause Plaintiff any damage is simply over," Faegre & Benson argue that the claims are entirely separable and that resolution of the issue – after appellate review – will become the law of the case, thus eliminating the possibility of any piecemeal appeal on the issue. Becuase appeal of my order will not require that an appeal court address the same issues more than once, even if there were subsequent appeals, I agree.

Plaintiff maintains that the order does not address its damages with regard to Fischer or the Heumanns. As discussed above, the issue of Plaintiff's damages to Fischer has been

5

adjudicated. To the extent that Plaintiff might be entitled to damages from the Heumanns, such damages would be separate and distinct from those of Defendants Faegre & Benson and Fischer. Finally, I am not persuaded by its argument that refusal to certify the order here as a final judgment would prejudice Faegre & Benson and place it in an "untenable position." However, I do conclude that in light of the finality of my ruling regarding the claims asserted by Plaintiff against both Faegre & Benson and Defendant Fischer – based on much of the same rationale – that no just reason exists for delaying entry of final judgment in favor of Defendant Faegre & Benson pursuant to Fed. R. Civ. P. 54(b).

ACCORDINGLY, I GRANT Defendant Faegre & Benson's Motion Pursuant to Federal Rule of Civil Procedure 54(b) for Certification that the Court's Order Dated November 6, 2007 is a Final Judgement [**Doc #93**].

Dated: February   12  , 2008, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE