IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00839-LTB-BNB

INFANT SWIMMING RESEARCH, INC.,

   Plaintiff,
v.

JUDY HEUMANN, and
NORMAN HEUMANN,

   Defendants.
_____

# ORDER
_____

  This matter is before me on a Motion For Attorney Fees and Costs [**Doc # 114**] filed by a former Defendant Mark Fischer in which he seek his attorney fees and his costs in defending this action, pursuant to Fed. R. Civ. P. 54, C.R.S. § 13-16-113 and § 13-17-201, against Plaintiff, Infant Swimming Research, Inc. ("ISR"). Oral arguments will not materially aid in the resolution of this motion. After due consideration of the parties' briefs, and for the following reasons, I GRANT the motion.

## I. UNDERLYING FACTS

  This lawsuit was filed by ISR after it discovered a forged "Certificate Of Stay Of Judgment/Release Of Judgment Lien" (the "fabricated order") that fraudulently released a judgment serving as a lien in favor of ISR and against real property owned by Defendant Judy Heumann. The judgment was on a jury verdict rendered in favor of ISR in the matter of <u>Harvey Barnett, Inc., et. al. v. Ann Shidler, Judy Heumann, et. al.</u>, 00-cv-00731 (the "prior action").

After the fabricated order was discovered, Defendant Fischer – who was the attorney that represented Defendant Judy Heumann in the prior action – admitted that he had forged the fabricated order. ISR then filed this lawsuit against Defendant Fischer, as well as his law firm Faegre & Benson and Defendants Judy and Norman Heumann, seeking relief and damages for: Violation of Colorado Revised Statute Section 38-35-109 (recording fraudulent documents)(First Cause of Action); Fraudulent Transfers (Second Cause of Action); Negligent Supervision against Faegre & Benson (Third Cause of Action); Fraud (Fourth Cause of Action); Negligent Misrepresentation (Fifth Cause of Action); Conspiracy (Seventh Cause of Action); Contempt (Eighth Cause of Action); Declaratory Relief (Ninth Cause of Action); Injunctive Relief (Tenth Cause of Action); and Vicarious Liability against Defendant Judy Heumann only (Eleventh Cause of Action). ISR's lawsuit, which raises claims based on state law, was brought in this court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a).

I subsequently dismissed ISR's claims against Mark Fischer based on my conclusion that there was no federal subject matter jurisdiction because ISR had not established that it had suffered an injury-in-fact as is required by *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)(an "injury in fact" is an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical). Specifically, I ruled that although Defendant Fischer's conduct in forging the fabricated order was obviously unethical and abhorrent, ISR could not prove any cognizable injury or damages in this case related to Fischer's wrongdoing in the prior action. As a result, I dismissed all of ISR's claims against him for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [**Doc #104**]

## II. ATTORNEY FEES

Defendant Fischer now seeks an award of attorney fees pursuant to Colo. Rev. Stat. § 13-17-201, which provides for the recovery of reasonable attorney fees by a defendant whose Rule 12(b) motion results in the dismissal of a tort claim prior to trial. Section 13-17-201 provides, in pertinent part, that "[i]n all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." This provision is in derogation of the common law American Rule that requires parties to bear their own legal expenses and, therefore, it must be strictly construed. *Sotelo v. Hutchens Trucking Co., Inc.,* 166 P.3d 285, 287 (Colo. App. 2007). The burden of proof rests on the party requesting an award to show by a preponderance of the evidence that he or she is entitled to an award. *Haynes v. City of Gunnison*, 214 F.Supp.2d 1119, 1120 (D. Colo. 2002)(*citing Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994)).

In *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000), the Tenth Circuit held that because attorney fee statutes are considered substantive for diversity purposes, *citing Boyd Rosene & Assocs. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir.1999), it is proper to rely on § 13-17-201 as the applicable Colorado fee recovery statute for dismissed state law claims in federal court. I note that although § 13-17-201 provides for attorneys fees where an action is dismissed pursuant to Colorado Rule of Civil Procedure 12(b), the Tenth Circuit specifically applied the statute to the dismissal of a pendent state claim pursuant to Federal Rule of Civil Procedure 12(b). *Jones v. Denver Post Corp.*, *supra*, 203 F.3d at 757 n. 6 (ruling that

although C.R.S. § 13-17-201 "expressly applies only to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure, . . . we find the statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed.R.Civ.P. 12(b)(6)"); *see also BrammerHoelter v. Twin Peaks Charter Academy*, 81 F.Supp.2d 1090 (D.Colo. 2000)(awarding attorney fees under § 13-17-201 where the action was dismissed pursuant to Fed. R. Civ. P. 12(b)(1)).

ISR opposes Fischer's request on the basis that this lawsuit was not brought as a result of an injury to person or property occasioned by the tort of another person and, as such, it does not fall within the parameters of § 13-17-201. ISR first argues that § 13-17-201 is limited to recovery for personal injury actions. *See Jones v. Denver Post, supra*, 203 F.3d at 757 (the statute "provides that if a court dismisses a *personal injury action* pursuant to a 12(b) motion, then 'defendant shall have judgment for his reasonable attorney fees'")(emphasis added). This is clearly not the case, however, as the statue specifically applies to "all actions brought as a result of . . . an injury to *person or property* occasioned by the tort of any other person." C.R.S. § 13-17-201 (emphasis added).

ISR next maintains that the complaint in this case contained more than tort-based causes of action. ISR specifically refers me to its first cause of action seeking damages for violation of C.R.S. § 38-35-109, which provides that a person who records a document that affects the title to real property, while knowing that such document is forged or groundless, "shall be liable to the owner of such real property." for the sum of not less than one thousand dollars or for actual damages caused thereby." ISR argues that this claim does not sound in tort. In addition, ISR notes that the complaint sought declaratory and injunctive relief, as well as a cause of action for

contempt. As a result, ISR argues that because not all of its claims against Fischer were based in tort, § 13-17-201 does not apply.

Regardless of whether these claims sound in tort, ISR has failed to cite to any authority in support of its proposition that if some of the dismissed causes of action are not tort-based, § 13-17-201 does not apply. The cases cited by ISR stand for the proposition that *all* of the claims asserted by a plaintiff against a defendant must be dismissed, pursuant to Rule 12(b), in order to justify a fee award under § 13-17-201. *See e.g. Sotelo v. Hutchens Trucking Co., supra,* 166 P.3d at 287 (finding that the statute did not apply when a plaintiff's tort claims were dismissed under Rule 12(b), but a non-tort based claim remained); *Barton v. Law Offices of John W. McKendree,* 126 P.3d 313, 314 (Colo. App. 2005) (finding no recovery where one of the plaintiff's tort claims was dismissed for failure to file certificate of review); *Jaffe v. City & County of Denver*, 15 P.3d 806, 814 (Colo. App. 2000) (ruling that because one of the plaintiff's claims was dismissed via summary judgment, the statute did not justify an attorney fees award); *Holland v. Board of County Com'rs. of County of Douglas* 883 P.2d 500, 510 (Colo. App. 1994)(rejecting an award of attorney fees under the statute when the trial court dismissed only three of plaintiff's claims for relief).

ISR has not provided me, nor has my research revealed, any Colorado case authority ruling that the presence of *dismissed* non-tort claims precludes an "automatic" award of attorney fees under § 13-17-201. *Sotelo v. Hutchens Trucking Co., supra; see also Wark v. Board of County Commissioners of the County of Dolores*, 47 P.3d 711, 717 (Colo. App. 2002)(ruling that under the statute "an award of attorney fees is mandatory"). I further note that this is not a case in which the tort claim is little more than an after-thought to the main contract claims, as was the

5

case in *AST Sports Science, Inc. v. CLF Distrib. Ltd.,* 2006 WL 1991756 (D.Colo. 2006)(not reported in F.Supp.2d).

Lastly, ISR argues that §13-17-201 should not apply because I considered materials outside the pleadings, thereby converting the motion to dismiss into a motion for summary judgment, a situation rendering the statute inapplicable. *See* C.R.S. § 13-17-201 ("[t]his section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure"). However, it is well settled that a court may consider documents beyond the pleadings to resolve disputed jurisdictional facts without converting a motion to dismiss into a motion for summary judgment. *See Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1295 (10th Cir. 2003); *see also Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987).

Under the circumstances, I would prefer to rule otherwise if I had the discretion to do so. But I conclude that I am bound to apply the mandate of C.R.S. § 13-17-201 and award Defendant Fischer his attorney fees in this matter. *See BrammerHoelter v. Twin Peaks Charter Academy*, *supra*; *Smith v. Town of Snowmass Village,* 919 P.2d 868 (Colo. App. 1996)(finding that the trial court erred in refusing to award attorney fees to a defendant after action was dismissed on a motion for lack of subject matter jurisdiction).

Finally, I note that ISR maintains that Defendant Fischer has failed to meet his burden to establish the reasonableness of his attorney fee request of $25,635.00, in that the submitted redacted billing entries are insufficient to evaluate whether the alleged time spent in defense of this action is reasonable. *See generally Jane L. v. Bangerter,* 61 F.3d 1505, 1510 (10th Cir. 1995)(the burden in an application for attorneys fees is to prove and establish the reasonableness

6

of each dollar, each hour, above zero); *see also* D.C.Colo.L.Civ.R. 54.3. For example, ISR asserts that some of the time requested may actually be related to Defendant Fischer's criminal defense regarding his actions at issue here. In response, Defendant Fischer maintains that the reasonableness of the fees requested may be assessed from the redacted statements. However, Defendant Fischer has submitted that if necessary he will submit unredacted versions for my *in camera* review. Although my cursory review of the redacted billing statements reveals that the times and fees requested appear to be reasonable, in an abundance of caution, I will review the unredacted statements.

### III. COSTS

Defendant Fischer also seeks an award of costs pursuant to Colo. Rev. Stat. § 13-16-113, which provides, in pertinent part, that "[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed prior to trial under rule 12(b) of the Colorado rules of civil procedure, the defendant shall have judgment for his costs." Fischer seeks $192.63 in costs consisting of: $181.53 in filing fees and online access to docket fees and $11.10 in printing fees.

In response, ISR asserts that the request must fail because Fischer should have taxed costs with the Clerk of this Court pursuant to D.C.Colo.L.Civ.R. 54.1. *See also* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920. Local Rule 54.1 provides, in relevant part, that "[a] bill of costs must be filed on the form provided by the court within ten days after entry of the judgment or final order" and that "[c]osts will be taxed by the clerk."

7

However, Fischer is not seeking an award costs under the applicable federal authority; rather, like his attorney fees, he is seeking his costs pursuant to a Colorado statute authorizing such an award. The parties do not refer me to, and my research fails to reveal, any case applying § 13-16-113 to claims dismissed in federal court. However, in *Smith v. Frazzini*, 139 F.R.D. 677, 678 (D. Colo.1991), the court indicated that state statutes regarding award of costs to successful litigants control in diversity cases. *See also Garcia v. Wal-Mart Stores, Inc.* 209 F.3d 1170, 1178 (10th Cir. 2000)(applying the rule to C.R.S. § 13-17-202).

As a result, I conclude that § 13-16-113 applies here and, thus, Defendant Fischer must be awarded his costs based on the same rationale as his request for attorney fees. *See* C.R.S. § 13-16-113 (in all tort actions dismissed prior to trial under rule 12(b) "the defendant *shall* have judgment for his costs"). However, Defendant Fischer's request and the Bill of Costs attached to his motion is not supported by any documentation. *See generally English v. Colorado Dept. of Corrections,* 248 F.3d 1002, 1013 (10th Cir. 2001)("the burden is on the prevailing plaintiffs to establish the amount of compensable costs and expenses to which they are entitled"). As such, Defendant Fischer must provide me with documentation in order to corroborate the amount of his requested costs.

### III. CONCLUSION

Accordingly, I GRANT Defendant Mark Fischer's Motion For Attorney Fees and Costs [**Doc # 114**] as follows:

1) The motion is GRANTED as to former Defendant Fischer's request for an award of attorney fees against Plaintiff, Infant Swimming Research, Inc., pursuant to C.R.S.§ 13-17-201.

Defendant Fischer is HEREBY ORDERED to provide to the court unredacted billing statements for an *in camera* assessment of their reasonableness within 10 (ten) days from the date of this order; and

2) The motion is GRANTED as to former Defendant Fischer's request for an award of costs against Plaintiff, Infant Swimming Research, Inc., pursuant to C.R.S.§ 13-16-113. Defendant Fischer is HEREBY ORDERED to provide to the court documentation supporting his requested costs within ten (10) days from the date of this order.

Dated: June   3  , 2008, in Denver, Colorado.

                                      BY THE COURT:

                                        s/Lewis T. Babcock
                                      LEWIS T. BABCOCK, JUDGE