IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00839-LTB-BNB

INFANT SWIMMING RESEARCH, INC.,

       Plaintiff,

v.

JUDY HEUMANN, and
NORMAN HEUMANN,

       Defendants.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss [**Doc #113**] and a Motion for Sanctions [**Doc #122**] filed by Defendants Judy and Norman Heumann (the "Heumanns") against Plaintiff, Infant Swimming Research, Inc. ("ISR"). Oral arguments will not materially aid in the resolution of these motions. After consideration of the parties' briefs, and for the following reasons, I GRANT the motion to dismiss and I DENY the motion for sanctions.

## I. UNDERLYING FACTS

In its amended complaint, ISR alleges that on February 2, 2004, a jury verdict was rendered in favor of ISR and against Defendant Judy Heumann in the matter of <u>Harvey Barnett, Inc., et. al. v. Ann Shidler, Judy Heumann, et. al.</u>, 00-cv-00731 (the "prior action"). On April 28, 2004, the judgment in that case was recorded with the Boulder County Clerk and Recorder and acted as a lien in favor of ISR against real property owned by Defendant Judy Heumann.

ISR further alleges that approximately a year later, on April 26, 2005, all the Defendants, including the Heumanns, "fabricated a Certificate Of Stay Of Judgment/Release Of Judgment Lien" which purports to be an order issued in the prior action by Judge Phillip S. Figa, a United States District Judge. It is undisputed that this order was not issued by Judge Figa but was, in fact, a forgery (the "fabricated order"). The fabricated order was filed with the Boulder County Clerk and Recorder which, in turn, fraudulently released ISR's lien on Judy Heumann's property. ISR maintains that, as a result, the Heumanns were able to obtain funds in the form of a loan secured by the real property and, furthermore, that some of the funds obtained by use of the fabricated order were paid to her attorney, Mark Fischer and his law firm, Faegre & Benson. Specifically, ISR alleges that the Heumanns had been using the real estate as collateral to secure monies to pay Faegre & Benson, but could no longer do so when the judgment in the prior action was recorded. As such, ISR asserts that from the time of the improper release of judgment lien (via the fabricated order) through April 2007, the Heumanns were able to continue to pay their attorney in order to pursue an unsuccessful appeal of the prior action, and were able to continue building on their real property and avoid foreclosure. As such, ISR alleges that the Heumanns pursued the prior action, at great expense and damage to ISR, in that the wrongfully-obtained loan funds provided the financial resources to continue the litigation.

After ISR discovered the existence of the fabricated order in March 2007, Fischer admitted – in a letter to the Court dated April 9, 2007 – that he had forged the order. Subsequent to filing this lawsuit, ISR asserts that it has learned through discovery that at approximately the same time, Fischer also forged an "Order Setting Supersedeas Bond" and that the Heumanns wrote a check to procure the bond, but that a bond was never obtained or deposited.

2

In this lawsuit, ISR seeks relief and damages against the Heumanns for: Violation of Colorado Revised Statute Section 38-35-109 (recording fraudulent documents)(First Cause of Action); Fraudulent Transfers (Second Cause of Action); Fraud (Fourth Cause of Action); Negligent Misrepresentation (Fifth Cause of Action); Conspiracy (Seventh Cause of Action); Contempt (Eighth Cause of Action); Declaratory Relief (Ninth Cause of Action); and Injunctive Relief (Tenth Cause of Action). ISR also asserts a cause of action against Defendant Judy Heumann only for vicarious liability (Eleventh Cause of Action).

I note that ISR had also asserted claims against both Mark Fischer and his law firm, Faegre & Benson. On November 6, 2007, I dismissed the claims against Faegre & Benson for failure to state a claim or on summary judgment. [**Doc #77**] I subsequently certified that dismissal as a final judgment for appellate review pursuant to Fed. R. Civ. P. 54(b). [**Doc # 112**]

In addition, on January 31, 2008, I dismissed ISR's claims asserted against Mark Fischer based on my conclusion that ISR has not suffered an injury-in-fact, as is required for federal subject matter jurisdiction. [**Doc #104**] In this motion to dismiss, the Heumanns now seek dismissal of ISR's claims against them based on the same rationale – that ISR has not suffered an injury-in-fact and, thus, the amended complaint must be dismissed for lack of subject matter pursuant to Fed. R. Civ. P. 12(b)(1). The Heumanns also seek sanctions against ISR, in the form of an order directing the payment of their attorney fees in defending this lawsuit pursuant to Fed. R. Civ. P. 11.

## II. MOTION TO DISMISS - Fed. R. Civ. P. 12(b)(1)

In their motion to dismiss, the Heumanns argue that the claims against them must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) in that there

3

is no federal jurisdiction because ISR has suffered no "injury-in-fact" as defined by *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)(an "injury in fact"– an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical).

When dismissing ISR's claims against Defendant Mark Fischer, I found that although Fischer's conduct in forging the fabricated order was, at the least, abhorrent and unethical, ISR could not prove any cognizable injury or damages related to Fischer's wrongdoing in the prior action. Because ISR could not meet its burden to show an injury-in-fact, I determined that this court lacked subject matter jurisdiction and I dismissed the claims asserted against Defendant Fischer.

In so doing, I noted that the Heumanns had paid the underlying judgment due to ISR in the prior action. As such, I reviewed the damages ISR claims to be entitled to in this case. First, because "there is no such thing as an independent cause of action for civil contempt," to the extent that ISR might be entitled to compensatory damages in the form of a fine for contempt of court, I found that such damages are not cognizable in this case. As to damages based on fraud that might be due pursuant to C.R.S. § 38-35-109(3) – which provides that any person who knowingly files a forged document purporting to affect the title to real property "shall be liable to the owner of such real property for the sum of not less than one thousand dollars or for actual damages" – I found that such damages are limited to "the *owner* of such real property" and, as such, does not provide ISR with a remedy or with related damages.

As to the unawarded attorney fees ISR contends it incurred in litigating the prior action, I determined that such fees do not relate to any attempt to execute on the underlying judgment; but

4

rather are the excess fees incurred in defending a lawsuit that ISR merely speculates would not have been pursued but for the improper release of the judgment lien. Thus, I concluded that ISR could not establish any damages for unpaid attorney fees in *this* case incurred by it in the prior action.

To the extent that ISR asserts that it is entitled "disgorgement of the benefits Defendants have received from the forged orders and their conspiracy to defeat ISR's judgment lien" and "lost business opportunities that resulted from the conspiracy to release ISR's judgment lien in order for Heumann to compete with ISR," I concluded that ISR provides no support or authority for its standing or ability to recover such damages.

I further ruled that ISR would not be entitled to punitive damages pursuant to C.R.S. § 13-21-102(1)(a) – which provides that "[t]he amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded" – because there are no actual damages. I also found that to the extent that ISR asserts that it would be entitled to declaratory or injunctive relief, it failed to meet its jurisdictional burden to show they are "immediately in danger of sustaining some direct injury" and that "the threat of injury is real and immediate, not conjectural or hypothetical." Finally, I found that ISR's claim that it is entitled to damages in the form of attorney fees in this case untenable.

As a result, I concluded that ISR had not suffered an injury-in-fact, as is required for federal subject matter jurisdiction, because it cannot show an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical. *See Lujan v. Defenders of Wildlife, supra,* 504 U.S. at 560.

I find that the foregoing rationale is equally applicable to the claims raised by ISR against the Heumanns. ISR's only argument related specifically to its claims against the Heumanns in response to this motion that I can discern is that they are alleged to have fraudulently recorded a quit claim deed after the fabricated order was filed in an attempt to transfer Judy Heumann's interest in the real property to her husband, Norman Heumann. As such, this action was necessary to address that fraudulent conveyance. ISR contends that conveyance was "to try and avoid, and in contempt of, the Court's Judgment [in the prior action] in favor of ISR and Judy Heumann." However, as discussed, ISR does not assert that the quit claim deed restricted or somehow limited its ability to collect on the underlying judgment which, it is uncontested, has been paid in full. As such, ISR's argument does not defeat the conclusion that it did not suffer an injury-in-fact.

Accordingly, as I have previously concluded when ruling on Defendant Mark Fischer's motion to dismiss, I likewise find that ISR has not suffered an injury-in-fact related to its claims against the Heumanns because it cannot show an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical. *See Lujan v. Defenders of Wildlife, supra,* 504 U.S. at 560 (a particularized invasion of a legally protected interest requires "that the injury must affect the plaintiff in a personal and individual way"). As such, I must dismiss ISR's claims against the Heumanns for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### III. MOTION FOR SANCTIONS - Fed. R. Civ. P. 11

In this related motion, the Heumanns seek an order directing ISR to pay their attorney fees incurred in defending this lawsuit as a sanction pursuant to Fed. R. Civ. P. 11. Fed. R. Civ.

P. 11(c) provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." A violation of Rule 11 occurs when an attorney files documents with the court for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); advances frivolous arguments; or makes unsupported factual allegations. Fed. R. Civ. P. 11(b). "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Services, Inc. v. Royal Ins. Co. of America,* 935 F.2d 1152, 1155 (10th Cir. 1991)

As an initial matter, I note that Fed. R. Civ. P. 11 imposes certain procedural requirements on a party seeking sanctions. For example, a Rule 11 sanctions motion must not be filed or be presented to the court if the challenged claim is withdrawn or appropriately corrected within 21 days after service. *See* Fed.R.Civ.P. 11(c)(1)(A). ISR does not dispute that the Heumanns have complied with the necessary procedural requirements of Rule 11 prior to filing the motion at issue here.

In support of this motion, the Heumanns first assert that the factual allegations made by ISR in its amended complaint as to them – which were not qualified as being likely to have evidentiary support but, rather, were couched as direct assertions of fact – had no legitimate support and, moreover, were directly contradicted by the available evidence in violation of Fed. R. Civ. P. 11(b)(3)(an attorney and party must certify that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"). Specifically, the Heumanns

7

refer me to ISR's assertions that they conspired with Defendant Fischer to create the fabricated order in order to release the lien on Judy Heumann's real property and, as a result, could then continue to build on the property, avoid foreclosure, and pay Defendant Fischer and his law firm to continue pursuing litigation in the prior action. The Heumanns argue that such assertions are directly contradicted by Defendant Fischer's letter to the court in which he confesses to forging the fabricated order and unequivocally asserts that the Heumanns were not aware that he had done so.

In determining whether an attorney has made a reasonable factual inquiry, " '[t]he standard is one of reasonableness under the circumstances.'" *Cook v. Rockwell Intern. Corp.,* 147 F.R.D. 237, 246 (D.Colo. 1993)(*quoting Business Guides, Inc. v. Chromatic Comm's Enter., Inc.,* 498 U.S. 533, 551, 112 L.Ed.2d 1140, 111 S.Ct. 922 (1991)). Although the allegations here could certainly be deemed speculative, I cannot say in light of the circumstances as a whole, and the fabricated order in particular, that the allegations in the complaint lack evidentiary support to the level necessary to impose sanctions pursuant to Fed. R. Civ. P. 11(b)(3). While it would have been preferable for counsel to qualify the allegations, at the time the complaint was filed ISR had minimal facts available and had some basis, although thin, to allege that the Heumanns might have participated in at least part of the scheme to release the lien on Judy Heumann's real property. *See Eisenberg v. University of New Mexico,* 936 F.2d 1131, 1134 (10th Cir. 1991)("[t]he focus of Rule 11 is narrow; [i]t relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party . . . to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed"); *see also Cook v. Rockwell Intern. Corp., supra*, 147 F.R.D. at 246.

In addition, I reject the Heumanns' contention that Rule 11 sanctions are warranted because ISR continued to press its claims against them, after I ruled that it suffered no injury-in-fact, in violation of Fed. R. Civ. P. 11(b)(2)(an attorney and party must certify that the claims asserted "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law"). While I have previously determined that ISR cannot show an invasion of a legally protected interest in this case, I cannot say that a reasonable and competent attorney would not have believed in the merit of ISR's argument here. *See Dodd Ins. Services v. Royal Ins. Co., supra,* 935 F.2d at 1155: *Greeley Pub. Co. v. Hergert,* 233 F.R.D. 607, 610 (D. Colo. 2006)("[a] Rule 11 violation occurs where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands").

Finally, I note that in requesting sanctions under Fed. R. Civ. P. 11, the Heumanns seek the payment of their attorney fees in defending this action. However, Fed. R. Civ. P. 11 "is not a fee-shifting statute in the sense that the loser pays . . . [i]t is a law imposing sanctions if counsel files with improper motives or inadequate investigation." *Eisenberg v. University of New Mexico, supra,* 936 F.2d at 1136 (*quoting Triad Assocs., Inc. v. Chicago Housing Auth.,* 892 F.2d 583, 596 (7th Cir. 1989)).

Lastly, I reject ISR's cursory and unsupported counter-request for an award of attorney fees in defending the Heumanns' motion for sanctions pursuant to Fed. R. Civ. P. 11(c)(2)("if warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion").

## IV. CONCLUSION

Accordingly, Defendants Judy and Norman Heumann's Motion to Dismiss for Lack of Subject Matter Jurisdiction [**Doc #113**] is GRANTED, and Defendants Judy and Norman Heumann's Motion for An Order Directing the Payment of Their Attorneys' Fees Pursuant to Fed. R. Civ. P. 11 [**Doc #122**] is DENIED. As a result, the Amended Complaint and Jury Demand [**Doc # 76**], filed by Plaintiff, Infant Swimming Research, Inc., is DISMISSED with prejudice.

Dated: June  3 , 2008, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE