IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00839-LTB-BNB

INFANT SWIMMING RESEARCH, INC.,

        Plaintiff,

v.

FAEGRE & BENSON, LLP,
MARK FISCHER,
JUDY HEUMANN,
NORMAN HEUMANN, and
BOULDER ESCROW, LLC,

        Defendants.

_____

ORDER
_____

      This matter is before me following my order dated June 2, 2008 [**Doc # 139**] in which I
considered and granted  Defendant Mark Fischer's Motion for Attorney Fees and Costs, but I did
not award an amount for either fees or costs.  Instead, I ordered that Defendant provide
additional information for an assessment of the reasonableness of the attorney fees requested and
documentation of  his costs.  After due consideration of the documentation, I AWARD
Defendant Fischer's attorney fees in the amount of $25,635.00, pursuant to Colo. Rev. Stat. § 13-
17-201, and costs in the amount of $192.63, pursuant to Colo. Rev. Stat. § 13-16-113, against
Plaintiff Infant Swimming Research, Inc. ("ISR").

## I.  BACKGROUND

      In April 2007, ISR filed this lawsuit against Defendant Fischer and others seeking
damages it alleged to have incurred when a judgment serving as a lien in ISR's favor was
fraudulently released.  ISR's lawsuit sought relief and damages against Fischer for several counts

of fraud, negligent misrepresentation, conspiracy and contempt.  On January 31, 2008, I

dismissed ISR's claims asserted against Defendant Fischer based on my conclusion that ISR has

not suffered an injury-in-fact, as is required for federal subject matter jurisdiction.  Thereafter, I

granted Fischer's request for attorney fees and costs under Colo. Rev. Stat. § 13-17-201 and 13-

16-113.   However, I further ordered that Fischer provide to the court unredacted billing

statements for an *in camera* assessment of their reasonableness, as well as documentation

supporting his costs.  Fischer subsequently forwarded the requested billing statements and

documentation in support of  his requested costs.

## II.  ATTORNEY FEES

Colo. Rev. Stat. § 13-17-201 provides for the recovery of reasonable attorney fees by a

defendant whose Rule 12(b) motion results in the dismissal of a tort claim prior to trial.  When a

statute providing for a fee award does not provide a specific definition of reasonableness,  as

here, "the amount of the award must be determined in light of all the circumstances, based upon

the time and effort reasonably expended by the prevailing party's attorney."  *Tallitsch v. Child*

*Support Servs., Inc.,* 926 P.2d 143, 147 (Colo. App. 1996)(*citing Spensieri v. Farmers Alliance*

*Mut. Ins. Co.,* 804 P.2d 268 (Colo. App. 1990)).

The initial estimate by the court of a reasonable attorney fee is reached by calculation of

the "lodestar" amount.  This amount represents the number of hours reasonably expended

multiplied by a reasonable hourly rate.  *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983); *Dubray*

*v. Intertribal Bison Co-op.,* 192 P.3d 604, 608 (Colo. App. 2008); *Tallitsch v. Child Support*

*Servs., supra,* 926 P.2d at 147.  The lodestar amount carries with it a strong presumption of

reasonableness.  *Id.*  Once the lodestar amount is determined, that basic amount may be adjusted

upward or downward by application of several factors including: the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, etc. *Id.* (*citing Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979); *Robinson v. Lynmar Racquet Club, Inc.,* 851 P.2d 274 (Colo. App. 1993; Colorado Rules of Professional Conduct Rule 1.5(a)(4)). The determination of reasonableness is a question of fact for the trial court, and its ruling will not be disturbed on review unless patently erroneous and unsupported by the evidence. *Tallitsch v. Child Support Services, supra,* 926 P.2d at 147 (*citing Hartman v. Freedman*, *supra*).

The amount of hours expended in the defense of this matter by Fischer's attorney, Michael T. McConnell – as averred in his affidavit and confirmed in the attached billing – was 74.5 hours (from May of 2007 after the complaint was filed, through the drafting of the motion seeking attorney fees and costs in February of 2008). Mr. McConnell's hourly rate in this case is $225. In addition, an associate spent 48.5 hours on this case – primarily to conduct legal research and draft corresponding motions – at an hourly rate of $175, and a paralegal spent 5.4 hours, at $75 per hour, to "formulate and supervise the document management system" in the case.

First, in light of the significant settlement negotiations and litigation that occurred before this case was dismissed, I agree that the number of hours worked on this case were reasonable. The hours worked, over a ten month period, include the following activities: drafting an engagement letter; numerous settlement offers, agreements and negotiations, including participating in a settlement conference; drafting a scheduling order and attending a scheduling conference; initial and supplemental discovery disclosures; attempted deposition scheduling;

drafting a summary judgment motion and reply; drafting a motion for protective order and a related hearing; preparation of the motion to dismiss; and drafting this motion seeking fees and costs. Although it is clear that a significant amount of time was spent on both litigation strategy and settlement negotiations – including early attempts at a quick settlement and an apparent settlement agreement that fell through – this was the nature of this litigation and was part and parcel of defending this case. I note that while the statements indicate that some time was spent by counsel discussing this case with Fischer's other attorneys, that time was relatively minimal and appeared to be related to the attempts to settle this matter. Again, given all the circumstances and the course of litigation of this particular case, the hours and task performed were reasonable.

I also agree with Mr. McConnell's opinion – which is unchallenged by ISR – that the hourly rates charged on this matter "were reasonable and lower than the hourly rates charged in Denver by lawyers and paralegals with equivalent experience and expertise." As such, the loadstar amount of hours reasonably expended times the applicable reasonable hourly rate is $25,635.00 (74.5 hours at $225 per hour for the lead attorney, 48.5 hours at $175 per hour for an associate, and 5.4 hours at $75 per hour for a paralegal). ISR does not argue for an adjustment of the presumptive loadstar amount, and I conclude that none of the typical adjustment factors apply or warrant an adjustment under the circumstances of this case.

As a result, I conclude an award of attorney fees in this case, pursuant to Colo. Rev. Stat. § 13-17-201, in favor of Defendant Fischer in the amount of $25,635.00 is reasonable.

### III.  COSTS

In his Supplemental Documentation in Support of its Requested Costs [Doc # 142], filed after I awarded Defendant Fischer his costs, he provided a Transaction Listing Report indicating he incurred $181.53 in filing fees and $11.10 in photocopying expenses.  Fischer's attorney has declared in his affidavit, without challenge, that he is personally familiar with the costs totaling $192.63 and that such costs "were actually and necessarily incurred in this action." [Doc # 114-2]  As a result,  I conclude that these costs are adequately documented and that Defendant Fischer is entitled to an award of costs in the amount of $192.63.  *See* Colo. Rev. Stat. § 13-16-113 ("[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed prior to trial under rule 12(b) of the Colorado rules of civil procedure, the defendant shall have judgment for his costs").

### IV. CONCLUSION

Accordingly, I AWARD Defendant Mark Fischer his attorney fees, pursuant to § 13-17-201, in the amount of $25,635.00, and his costs, pursuant to § 13-16-113, in the amount of $192.63, against Plaintiff, Infant Swimming Research, Inc.


Dated: November   19  , 2008, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE