IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00839-LTB-BNB

INFANT SWIMMING RESEARCH, INC.,

        Plaintiff,

v.

FAEGRE & BENSON, LLP,
MARK FISCHER,
JUDY HEUMANN,
NORMAN HEUMANN, and
BOULDER ESCROW, LLC,

        Defendants.
_____

ORDER
_____

This matter is before me on a Motion For An Order Directing the Payment of Their Attorney Fees and Costs [**Doc # 143**] filed by Defendants Judy and Norman Heumann, in which they seek their attorney fees and costs, pursuant to Colo. Rev. Stat. §§ 13-17-201 and 13-16-113, against Plaintiff, Infant Swimming Research, Inc. ("ISR"). Oral arguments will not materially aid in the resolution of this motion. After due consideration of the parties' briefs, and for the following reasons, I GRANT the motion and AWARD the Heumanns the attorney fees and costs they incurred in defending this action

**I. UNDERLYING FACTS**

This lawsuit was filed by ISR after it discovered a forged "Certificate Of Stay Of Judgment/Release Of Judgment Lien" (the "fabricated order") that fraudulently released a judgment serving as a lien in favor of ISR and against real property owned by Defendant Judy

Heumann. The judgment was on a jury verdict rendered in favor of ISR in the matter of <u>Harvey Barnett, Inc., et. al. v. Ann Shidler, Judy Heumann, et. al.</u>, 00-cv-00731 (the "prior action").

The fabricated order was filed with the Boulder County Clerk and Recorder which, in turn, fraudulently released ISR's lien on Judy Heumann's property. ISR also claims that Defendant Judy Heumann "fraudulently recorded a quit claim deed attempting to transfer her interest in real property to her husband Norman Heumann." After the fabricated order was discovered, Defendant Mark Fischer – who was the attorney that represented Defendant Judy Heumann in the prior action – admitted that he had forged the order in a letter to the Court dated April 9, 2007 .

As a result, ISR filed this lawsuit and sought relief and damages against the Heumanns for: Violation of Colorado Revised Statute Section 38-35-109 (recording fraudulent documents)(First Cause of Action); Fraudulent Transfers (Second Cause of Action); Fraud (Fourth Cause of Action); Negligent Misrepresentation (Fifth Cause of Action); Conspiracy (Seventh Cause of Action); Contempt (Eighth Cause of Action); Declaratory Relief (Ninth Cause of Action); and Injunctive Relief (Tenth Cause of Action). ISR also asserts a cause of action against Defendant Judy Heumann only for vicarious liability (Eleventh Cause of Action).

On November 6, 2007, I dismissed ISR's claims against Defendant Fischer's law firm, Faegre & Benson, for failure to state a claim or on summary judgment. On January 31, 2008, I dismissed ISR's claims asserted against Defendant Fischer based on my conclusion that ISR has not suffered an injury-in-fact, as is required for federal subject matter jurisdiction.

Finally, on June 3, 2008, I dismissed ISR's claims against the Heumanns for lack of subject matter pursuant to Fed. R. Civ. P. 12(b)(1), also on the basis that ISR had not suffered an

injury-in-fact. However, I denied the Heumanns request for sanctions against ISR pursuant to Fed. R. Civ. P. 11.

## II. ATTORNEY FEES

The Heumanns now seek an award of attorney fees pursuant to Colo. Rev. Stat. § 13-17-201, which provides for the recovery of reasonable attorney fees by a defendant whose Rule 12(b) motion results in the dismissal of a tort claim prior to trial. Section 13-17-201 provides, in pertinent part, that "[i]n all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." Because attorney fee statutes are considered substantive law for diversity purposes, it is proper to rely on § 13-17-201 as the applicable Colorado fee recovery statute for dismissed state law claims in federal court. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000)(applying § 13-17-201 to the dismissal of a pendent state claim pursuant to Federal Rule of Civil Procedure 12(b)).

ISR opposes this request on the basis that the Heumanns have not demonstrated that they have either actually incurred or paid the fees and costs requested. Specifically, ISR asserts that the Heumanns have failed to present any evidence that they – as opposed to the other defendants – are responsible for the attorney fees and costs claimed. However, I agree with the Heumanns that an attorney fee award made pursuant to Colo. Rev. Stat. § 13-17-201 is not limited simply because they may have claims to recover those expenses from some other party or parties. ISR provides me with no legal authority to support its assertion that if Fischer or his law firm or any other entity is responsible for the fees and costs incurred in defending this action, "the Heumanns have no claim for those fees and costs."

3

In addition, I reject ISR's argument to the extent it opposes this request on the basis that Colo. Rev. Stat. § 13-17-201 does not apply because this action was not brought as a result of an injury to person or property occasioned by the tort of another person, and that my dismissal of the Heumanns' claims was done pursuant to Fed. R. Civ. P. 56, not Fed. R. Civ. P. 12(b). As ISR acknowledges, I have rejected these arguments in my order granting Defendant Mark Fischer's request for attorney fees [Doc # 139]. The rationale articulated in that order is equally applicable to the arguments raised here.

ISR also argues that the Heumanns have improperly submitted bulk bills which include numerous entries on the same date without specification of the time spent on each item. As such, ISR maintains that the Heumanns have failed to establish the reasonableness of their attorney fee request of $31,849.00. *See generally Jane L. v. Bangerter,* 61 F.3d 1505, 1510 (10th Cir. 1995)(the burden in an application for attorneys fees is to prove and establish the reasonableness of each dollar, each hour, above zero); *see also* D.C.Colo.L.Civ.R. 54.3. ISR relies upon *Case v. Unified School Dist. No. 233, Johnson County, Kan.,* 157 F.3d 1243, 1250 (10th Cir. 1998), which provides that "[a] district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id.* (*quoting Jane L. v. Bangerter, supra,* 61 F.3d at 1510).

Contrary to ISR's argument, my review of the bills provided in support of the Heumann's request for attorney fees, in conjunction with the affidavit from their lead attorney, are suffiently detailed in that they provide the name of the professional that did the work, the nature of each task done, and the time spent of each task. *See Case v. Unified School Dist. No. 233, supra,* 157 F.3d at 1250 ("[c]ounsel for the party claiming the fees has the burden of proving hours to the

4

district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks"). The Heumanns have submitted sufficient evidence to assess whether the fees requested are reasonable under the circumstances. I conclude that the Heumanns have meet their burden of establishing entitlement to an award and of appropriately documenting the hours expended and the tasks performed.

As such, I next determine whether the amount requested is reasonable. When a statute providing for a fee award does not provide a specific definition of reasonableness, as here, "the amount of the award must be determined in light of all the circumstances, based upon the time and effort reasonably expended by the prevailing party's attorney." *Tallitsch v. Child Support Servs., Inc.,* 926 P.2d 143, 147 (Colo. App. 1996)(*citing Spensieri v. Farmers Alliance Mut. Ins. Co.,* 804 P.2d 268 (Colo. App. 1990)).

The initial estimate by the court of a reasonable attorney fee is reached by calculation of the "lodestar" amount. This amount represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983); *Tallitsch v. Child Support Services, supra,* 926 P.2d at 147. The lodestar amount carries with it a strong presumption of reasonableness. *Id.* Once the lodestar amount is determined, that basic amount may be adjusted upward or downward by application of several factors including: the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, etc. *Id.* (*citing Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979); *Robinson v. Lynmar Racquet Club, Inc.,* 851 P.2d 274 (Colo. App. 1993; Colorado Rules of Professional Conduct Rule 1.5(a)(4)). The determination of

reasonableness is a question of fact for the trial court, and its ruling will not be disturbed on review unless patently erroneous and unsupported by the evidence. *Tallitsch v. Child Support Servs., supra,* 926 P.2d at 147 (*citing Hartman v. Freedman*, *supra*).

The amount of hours expended in the defense of this matter by the Heumanns' attorney, William D. Meyer – as averred in his affidavit and confirmed in the attached billing – was 98.7 hours (from April of 2007 after the complaint was filed, through the drafting of this motion in June of 2008). Mr. Meyer's unchallenged hourly rate is $300. In addition, a partner spent 7.3 hours on this case – primarily to prepare for the pre-trial conference – at an hourly rate of $250, and a paralegal spent 4.6 hours, at $90 per hour, reviewing and organizing discovery and preparing this motion.

First, in light of the significant settlement negotiations and litigation that occurred before this case was dismissed, I agree that the number of hours worked on this case was reasonable. The hours worked, over a thirteen month period of time, include the following activities: drafting an answer to the complaint; settlement discussions, including participation in a settlement conference; working out a scheduling order and attending a scheduling conference; preparing and providing initial discovery; attempted deposition scheduling; drafting a protective order and a related hearing; preparation of the motion to dismiss; work on a pretrial order and pretrial hearing; and drafting this motion seeking fees and costs. I also agree with Mr. Meyer's opinion – which is unchallenged by ISR – that the hourly rates here are reasonable and consistent with the rates charged by other firms for attorneys with comparable experience in litigation matters of this sort. As such, the loadstar amount of hours reasonably expended times the applicable reasonable hourly rate is $31,849.00 (98.7 hours at $300 per hour for the lead

attorney, 7.3 hours at $250 per hour for a partner, and 4.6 hours at $90 per hour for a paralegal). ISR does not argue for an adjustment of the presumptive loadstar amount, and I conclude that none of the typical adjustment factors apply or warrant an adjustment under the circumstances here.

Finally, ISR does not directly attack the reasonableness of the fees or of the hours expended in the defense of this case, but rather maintains that amount of fees awarded should be limited to only those fees that were necessary to resolve the issue of its subject matter jurisdiction; specifically, ISR asks that I "significantly reduce the fees requested" by the Heumanns to those fees incurred in pursuing dismissal only. However, the statute under which I am bound to award attorney fees, as discussed above, provides that in all tort actions "dismissed on motion of the defendant prior to trial under rule 12(b) . . . such defendant shall have judgment for his reasonable attorney fees *in defending the action*." Colo. Rev. Stat. § 13-17-201 (emphasis added); *see also Dubray v. Intertribal Bison Co-op.,* 192 P.3d 604, 607 (Colo. App. 2008) (rejecting the plaintiff's argument that defendants were entitled to recover only the attorney fees incurred in preparing the motion to dismiss in that § 13-17-201 "does not so limit an award and instead expressly authorizes 'attorney fees in defending the action'").

As a result, I conclude that the Heumanns have met their burden of establishing that they are entitled to an award of reasonable attorney fees, in the amount of $31,849.00, pursuant to Colo. Rev. Stat. § 13-17-201.

# III. COSTS

The Heumanns also seek an award of costs pursuant to Colo. Rev. Stat. § 13-16-113, which provides, in pertinent part, that "[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed prior to trial under rule 12(b) of the Colorado rules of civil procedure, the defendant shall have judgment for his costs." The Heumanns request $588.86 in costs consisting of: $5.93 in long distance telephone charges; $97.72 in mileage and parking for court proceedings; $18.48 in docket research charges; $104.55 for AT&T teleconferencing services; $106.40 for copies; $13.59 for postage; $210.19 in Westlaw charges; and $32.00 in long distance fax charges.

In response, ISR asserts that the Heumanns are seeking costs – such as electronic research costs, travel expenses and teleconferencing services – that are not allowable under D.C.Colo.L.Civ.R. 54.1. However, as discussed in my order granting Defendant Mark Fischer's request for costs [Doc # 139], the Heumanns are seeking costs pursuant to a Colorado statute authorizing such an award, as opposed to local federal rule D.C.Colo.L.Civ.R. 54. *See* Colo. Rev. Stat. § 13-16-113. Because I determined that state statutes regarding award of costs to successful litigants control in diversity cases, *see Smith v. Frazzini*, 139 F.R.D. 677, 678 (D. Colo. 1991), I conclude that § 13-16-113 applies here.

The particular types of costs to awarded pursuant to § 13-16-113 are not set forth in the statute, nor has my research revealed that they have they been defined by Colorado case law. However, Colorado courts have concluded that items such as docket fees, jury fees, photocopy costs, deposition costs, mileage, parking, delivery, and long distance telephone, as well as

computerized legal research expenses constitute costs under the general costs statute.  *See* Colo. Rev. Stat § 13-16-122; *Cherry Creek School District No. 5 v. Voelker,* 859 P.2d 805, 812 (Colo. 1993); *Roget v. Grand Pontiac, Inc.,* 5 P.3d 341, 348 (Colo. App. 1999).  Furthermore, Colorado courts have indicated that "an award of costs [under statutes including § 13-16-113] is committed to the sole discretion of the trial court." *City of Westminster v. Centric-Jones Constructors,* 100 P.3d 472, 487 (Colo. App. 2003)(citations omitted).  As such, I conclude that the Heumanns are entitled to an award of costs in the amount of $588.86, pursuant to Colo. Rev. Stat. § 13-16-113.

## IV. CONCLUSION

Accordingly, I GRANT Defendants Judy and Norman Heumann's Motion For An Order Directing the Payment of Their Attorney Fees and Costs [**Doc # 143**] as follows:

1.  Judy and Norman Heumann are AWARDED attorney fees against Plaintiff, Infant Swimming Research, Inc., in the amount of $31,849.00 pursuant to § 13-17-201; and

2.  Judy and Norman Heumann are AWARDED costs against Plaintiff, Infant Swimming Research, Inc., in the amount of $588.86 pursuant to § 13-16-113.

Dated: November   19  , 2008, in Denver, Colorado.

                                            BY THE COURT:

                                               s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE