IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  07-cv-00839-LTB-BNB

INFANT SWIMMING RESEARCH, INC.,

       Plaintiff,

v.

FAEGRE & BENSON, LLP,
MARK FISCHER,
JUDY HEUMANN,
NORMAN HEUMANN, and
BOULDER ESCROW, LLC,

       Defendants.

---

## ORDER

---

This matter is before me on Defendants Judy and Norman Heumann's Motion for a
Supplemental Order Directing the Payment of their Attorneys' Fees and Costs Incurred on
Appeal [**Doc #167**], and the Heumanns' Amended Motion for Turnover Order Requiring
Delivery of Proceeds into the Registry of the Court [**Doc # 173**], filed against Plaintiff, Infant
Swimming Research, Inc. ("ISR").  Oral arguments will not materially aid in the resolution of
this motion.  After due consideration of the parties' briefs, and for the following reasons, I
AWARD the Heumanns $3,468.00 in appellate attorney fees and $220.56 in appellate costs, and
I GRANT the Heumanns' motion seeking an order requiring delivery of proceeds into the
registry of the court.

# I. BACKGROUND

This lawsuit was filed by ISR after it discovered a forged "Certificate Of Stay Of Judgment/Release Of Judgment Lien" (the "fabricated order") which fraudulently released a judgment serving as a lien in favor of ISR and against real property owned by Defendant Judy Heumann.  The judgment was on a jury verdict rendered in favor of ISR in the matter of <u>Harvey Barnett, Inc., et. al. v. Ann Shidler, Judy Heumann, et. al.</u>, 00-cv-00731 (the "prior action").

The fabricated order was filed with the Boulder County Clerk and Recorder which, in turn, fraudulently released ISR's lien on Judy Heumann's property.  After the fabricated order was discovered, Defendant Mark Fischer – who was the attorney that represented Defendant Judy Heumann in the prior action – admitted that he had forged the order.  As a result, ISR filed this lawsuit seeking damages against the Heumanns for:  Violation of Colorado Revised Statute Section 38-35-109 (Recording Fraudulent Documents); Fraudulent Transfers; Fraud; Negligent Misrepresentation; Conspiracy; Contempt; Declaratory Relief; and Injunctive Relief.   ISR also asserted a cause of action against Defendant Judy Heumann only for vicarious liability.

I subsequently dismissed ISR's claims against Defendant Fischer's law firm, Faegre & Benson, for failure to state a claim or on summary judgment.   I also dismissed ISR's claims asserted against Defendant Fischer based on my conclusion that ISR had not suffered an injury-in-fact, as is required for federal subject matter jurisdiction.  Thereafter, I likewise dismissed ISR's claims against the Heumanns for lack of subject matter pursuant to Fed. R. Civ. P. 12(b)(1), also on the basis that ISR had not suffered an injury-in-fact. Following these rulings, I awarded attorney fees and costs to Fischer and the Heumanns pursuant to Colo. Rev. Stat. § 13-17-201.

ISR appealed my rulings to the Tenth Circuit Court of Appeals.  On June 9, 2009, a panel of that court affirmed my dismissal of ISR's claims against Fischer and the Heumanns.  The panel also affirmed my ruling dismissing ISR's claim asserted against Faegre & Benson. Finally, the Tenth Circuit affirmed my legal determination that Fischer and the Heumanns were entitled to their attorney fees pursuant to Colo. Rev. Stat. § 13-17-201 and, in addition, that ISR failed to demonstrate that I clearly abused my discretion when determining the reasonableness of the fees and costs awarded to Fischer and the Heumanns.  *See Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 2009 WL 1598452 (10th Cir. June 9, 2009)(not selected for publication).

Thereafter, the Heumanns filed a Petition for Rehearing with the Tenth Circuit in which they requested their attorney fees and costs incurred in defending ISR's appeal.  On August 6, 2009, the Tenth Circuit granted the Heumanns' petition and awarded fees and costs "pursuant to Colo. Rev. State § 13-17-201 and § 13-16-116."  Accordingly, the Tenth Circuit remanded this case to me for the limited purposed of calculating a reasonable award to the Heumanns of their attorney fees and costs related to the appeal.

## II.  ATTORNEY FEES ON APPEAL

As a result, the Heumanns filed a motion seeking an order awarding them the attorney fees they incurred to defend ISR's appeal.  They seek $6,168 in fees.  In response, ISR first argues that the Heumanns' request for fees includes the attorney time spent on their Petition for Rehearing to the Tenth Circuit.  ISR argues that those fees (in the amount of $1,638) should not be allowed because the request should have been raised during the appeal, and the Heumanns failure to do so – necessitating the Petition for Rehearing – should not be ISR's responsibility.

3

However, ISR acknowledges that the Heumanns' briefing to the Tenth Circuit did in fact seek an award of fees, although it maintains that such request was "fleeting" and was contained only in the conclusion.  Furthermore, ISR asserted the argument that the Heumanns failed to make a proper application for fees to the Tenth Circuit in its opposition to the Petition for Rehearing.  The Tenth Circuit rejected this argument when it ruled in favor of the Heumanns and remanded this matter to me to calculate "a reasonable award to the Heumanns of their attorney fees and costs related to Appeal No. 08-1484."

ISR also asserts that the Heumanns have improperly submitted bulk bills and failed to produce the actual invoices prepared by their attorneys and, as such, their fee request here is not properly supported.   However, my review of the affidavit from their lead attorney, which included a summary of the billing statements sent to the Heumanns, is sufficiently detailed in that it provides the name of the professional that did the work, the nature of each task done, and the time spent of each task.  *See Case v. Unified School Dist. No. 233, Johnson County,* 157 F.3d 1243, 1250 (10th Cir. 1998)("[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks").  There is no requirement that the original invoices be produced in order to support a request for attorney fees.  *See* D.C.COLO.LCivR 54.3.

Finally, ISR maintains that the attorney fees requested are unreasonable and excessive. ISR argues that the fee entries include a repetition of the same unspecific entries with nearly the same hours, such as more than one entry to "finalize" the brief.  ISR asserts, without further

4

argument, that it is not reasonable for the Heumanns to seek 15 hours of work, at nearly $300 per hour, when their answer brief was "little more than repetition of what [they] submitted to this court" and there was no oral argument on appeal.  ISR maintains that "[h]alf that amount is more than reasonable."

The Tenth Circuit awarded the Heumanns their attorney fees pursuant to Colo. Rev. Stat. § 13-17-201, which does not provide a specific definition of reasonableness.  As such, "the amount of the award must be determined in light of all the circumstances, based upon the time and effort reasonably expended by the prevailing party's attorney."  *Tallitsch v. Child Support Servs., Inc.,* 926 P.2d 143, 147 (Colo. App. 1996)(*citing Spensieri v. Farmers Alliance Mut. Ins. Co.,* 804 P.2d 268 (Colo. App. 1990)).

The initial estimate by the court of the reasonableness of the attorney fees requested is reached by calculation of the "lodestar" amount.  This amount represents the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983); *Tallitsch v. Child Support Services, supra,* 926 P.2d at 147.  The lodestar amount carries with it a strong presumption of reasonableness.  *Id.*

The amount in fees billed to the Heumanns for work on the direct appeal and Petition for Rehearing – as evidenced by the summary of invoices –  was $6,168.00.  However, the affidavit of the Heumanns' attorney, William D. Meyer, provides that he worked 8.2 hours on the appeal at $300 per hour.  It further avers that an associate spent 5.6 hours assisting on the appeal at a rate of $180 per hour.   As such, the loadstar amount of hours reasonably expended times the applicable reasonable hourly rate is only $3,468 (8.2 hours at $300 per hour for the lead attorney for a total of $2,460, and 5.6 hours at $180 per hour for an associate for a total of $1,008).

5

Therefore, I conclude that the Heumanns have only met their burden of establishing that they are entitled to an award of reasonable attorney fees incurred in defending the appeal in the amount of $3,468.00. *See Kinsey v. Preeson,* 746 P.2d 542, 551 -552 (Colo. 1987)("[a] party requesting an award of attorney fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award.")

## III.  COSTS ON APPEAL

In granting the Heumanns' Petition for Rehearing, the Tenth Circuit also awarded the Heumanns their costs.  The Heumanns now request $220.56 in costs consisting of outside photocopying services, in-house copies, and electronic research charges.  These costs are substantiated by invoices and by Mr. Meyer's affidavit, which avers that the itemized costs were reasonable and necessarily incurred to properly represent the Heumanns on appeal.  ISR objects to this request.

As an initial matter, to the extent that ISR maintains that a costs award is not appropriate because the Tenth Circuit's order inadvertently references an inapplicable statute, I reject such argument.  The Heumanns' Petition for Rehearing, which was granted by the Tenth Circuit, sought costs pursuant to Colo. Rev. Stat. § 13-16-113, which is the same statute under which I previously awarded costs in this case.

I also reject ISR's argument that copies and electronic research expenses are not allowable pursuant to Colorado law.  As I ruled previously, although the particular types of costs to be awarded are not specified under §13-16-113, Colorado courts have concluded that items such as photocopy costs and computerized legal research expenses constitute costs under the general costs statute.  *See* Colo. Rev. Stat § 13-16-122; *Cherry Creek School District No. 5 v.*

6

*Voelker,* 859 P.2d 805, 812 (Colo. 1993); *Roget v. Grand Pontiac, Inc.,* 5 P.3d 341, 348 (Colo. App. 1999). Because "an award of costs [under statutes including § 13-16-113] is committed to the sole discretion of the trial court," *City of Westminster v. Centric-Jones Constructors,* 100 P.3d 472, 487 (Colo. App. 2003)(citations omitted), I again conclude that photocopy costs and electronic research costs are awardable here under § 13-16-113.

Finally, ISR's reliance on *Dunlap v. Long,* 902 P.2d 446, 449 (Colo. App. 1995) to support its assertion that an evidentiary hearing is required in order to award costs, is misplaced. That case ruled that a party is entitled to an evidentiary hearing, if requested, when the reasonableness of a expert fee is challenged. I also reject ISR's unsupported contention the Heumanns' attorneys here demanded substantial rates for their time, and thus firm overheard costs such as these should "be treated as nonbillable items which are noncompensable in an award of costs" under *Ramos v. Lamm,* 632 F.Supp. 376, 389 (D.Colo. 1986).

Therefore, I conclude that the Heumanns are entitled to an award of appellate costs pursuant to Colo. Rev Stat. § 13-16-113, in the amount of $220.56 ($67.73 for outside copying, $33.40 for in-house copies and $119.43 for Westlaw charges).

## IV. REQUEST FOR TURNOVER ORDER

In their Amended Motion for Turnover Order Requiring Delivery of Proceeds into the Registry of the Court, the Heumanns request an order – pursuant to Fed. R. Civ. P. 69(a) and Colo. R. Civ. P. Rule 69(g) – requiring ISR to turn over for deposit in the registry of this Court all proceeds realized in satisfaction of the judgment in its favor against Ann Shidler in the prior action (Harvey Barnett, Inc., et. al. v. Ann Shidler, Judy Heumann, et. al., 00-cv-00731) and that, in turn, such proceeds be applied towards satisfaction of the judgment in favor of the Heumanns

in this action.   In addition, the Heumanns request that I order that ISR be prohibited from taking any action, directly or indirectly, to impair or dispose of its right to receive such proceeds in the prior action.

In support of this request, the Heumanns assert that their attempts to identify and execute upon the asserts of ISR – pursuant to their prior judgment for attorney fees in this case of $32,437.86 – have been unavailing.  In February 2009, an ISR representative testified at her deposition that ISR has no assets and that no person owed ISR money.   The Heumanns contend, however, that ISR is presently engaged in efforts to collect on the judgment in its favor against Ann Shidler in the prior action ($50,000 in damages and $28,350 in attorney fees).   The Heumanns argue that any proceeds received by ISR in satisfaction of its judgment against Shidler are not exempt from execution in this action.  As a result, they ask that I order that all proceeds realized in satisfaction of the judgment in the prior action to be applied towards satisfaction of the judgment in favor of the Heumanns in this action.

Colo. R. Civ. P. Rule 69(g), which is applicable here pursuant to Fed. R. Civ. P. Rule 69(a), provides that:

> The court . . . . may order any party or other person over whom the court has jurisdiction, to apply any property other than real property, not exempt from execution, whether in the possession of such party or other person, or owed the judgment debtor, towards satisfaction of the judgment.

The Tenth Circuit Court of Appeals has approved this Court's authority under Colo. R. Civ. P. Rule 69(g), to order a judgment debtor to turn over property – including property not yet in the possession of the judgment debtor – in aid of a judgment creditor's efforts to collect on

such judgment.  *See United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1235-36 (10th Cir. 2000).

ISR does not directly oppose or challenge the Heumanns' request.  Rather, ISR asserts that because Ann Shidler filed for bankruptcy on September 11, 2009, I am prohibited from taking any action or making any order that pertains to Ann Shidler's assets pursuant to the automatic bankruptcy stay as set forth in 11 U.S.C. § 362(a)(2)(requiring a stay of  "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case").   However, the automatic stay imposed by 11 U.S.C. § 362 applies to the bankruptcy estate of Ann Shidler.  The turnover order sought by the Heumanns is does not pertain to Ann Shidler, but rather to ISR.  As such, it does not seek to enforce any judgment against Ann Shidler or the bankruptcy estate, but rather would require ISR to pay into the registry of the court any proceeds eventually realized or collected by ISR on its judgment in the prior action.

ACCORDINGLY, it is ORDERED as follows:

1) Defendants Judy and Norman Heumann's Motion for a Supplemental Order Directing the Payment of their Attorneys' Fees and Costs Incurred on Appeal [**Doc #167**] is GRANTED in that Judy and Norman Heumann are AWARDED their appellate attorney fees, in the amount of $3,468.00, and are AWARDED their appellate costs, in the amount of $220.56, against Plaintiff, Infant Swimming Research, Inc.; and

2) Defendants Judy and Norma Heumann's Amended Motion for Turnover Order Requiring Delivery of Proceeds into the Registry of the Court [**Doc # 173**] is GRANTED pursuant to Fed. R. Civ. P. 69(a) and Colo. R. Civ. P. Rule 69(g) and, as a result, Plaintiff, Infant

9

Swimming Research, Inc., is ORDERED to turn over for deposit in the registry of this Court all proceeds realized in satisfaction of its judgment in <u>Harvey Barnett, Inc., et. al. v. Ann Shidler, Judy Heumann, et. al.</u>, 00-cv-00731, and, in turn, that such proceeds be applied towards satisfaction of the judgment in favor of the Heumanns for its judgment in this action.

I FURTHER ORDER that Plaintiff is prohibited from taking any action, directly or indirectly, to impair or dispose of its right to receive such proceeds.

Dated: October   6  , 2009, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE